IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:26-mj-0025-DJS |
| | ) | |
| | ) | Stipulation for Enlargement of Speedy Trial |
| **v.** | ) | Time and Motion to Continue |
| | ) | |
| **AARON COREY, a.k.a. "Baggeth,"** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION & MOTION TO ENLARGE TIME

The United States of America, by and through its counsel of record, Assistant United States Attorney Alexnader P. Wentworth-Ping, and the defendant, AARON COREY, by and through counsel, John B. Casey, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of the signing of the Order, and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1)    The chronology of this case is as follows:

   a)    Date of complaint: February 2, 2026

   b)    Date of initial appearance: February 3, 2026

   c)    Defendant custody status: Detained.

      i)    Date United States moved for detention:  February 3, 2026

      ii)    Date of detention hearing: February 5, 2026

      iii)    Date detention decision issued:  February 5, 2026

2)    The parties have stipulated to the following prior exclusions under the Speedy Trial Act"

a)      Order dated February 17, 2026, excluding the period from February 17, 2026, to April 18, 2026. Dkt. No. 21.

3)      The defendant requests this exclusion based on the following facts and circumstances:

a)      On February 2, 2026, the defendant was charged by criminal complaint with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1). Dkt. No. 1. The defendant was arrested and made his first appearance on February 3, 2026. On February 5, 2026, the defendant waived his right to a timely preliminary hearing. Dkt. No. 13. After a detention hearing on February 5, the defendant was ordered detained pending trial. Dkt. No. 14.

b)      As detailed in the criminal complaint, the government contends that COREY received images of child pornography between October and December 2025, in Albany, New York. Law enforcement searched the defendant's residence in December 2025, at which time they discovered and seized multiple electronic devices. Those electronic devices contained images of child pornography, as detailed in the complaint, and law enforcement continues to review and analyze them. The case involves complex legal and factual issues related to the alleged receipt and the defendant's alleged participation in a nihilistic violent extremist group called "764," a group that engages in the sexual exploitation of children using social media and encrypted messaging applications.

c)      On February 20, March 4, and April 14, 2026, the government produced formal pre-indictment discovery to the defense that includes documents related to the search of the defendant's premises, forensic extraction reports from the defendant's devices, law enforcement reports regarding the investigation, and body-worn camera footage from the search of the defendant's premises. The government will also make the seized electronic devices available to the defense for inspection, review, and examination at the government's offices, and will also make

2

any evidence allegedly containing child pornography available to defense counsel in accordance with 18 U.S.C. § 3509(m).  The parties anticipate scheduling a date to review the alleged child pornography files found on the defendant's device in late April or early May 2026.

d)     On April 15, 2026, the defendant filed a motion seeking to reopen the detention hearing based on a recent psychological evaluation of the defendant. The government anticipates opposing the request to reopen the detention hearing and the defendant's release.

e)     Defense counsel will review the produced discovery, but additional time is necessary to complete that review and to complete an inspection of the evidence related to the receipt of child pornography. The requested continuance is also necessary for the defendant's counsel to research and understand the complex legal and factual issues related to the defendant's alleged conduct; to prepare and file any pretrial motions, if appropriate; and engage in plea negotiations with the government, which may dispense with the need for grand jury practice. If the case is not resolved by a plea, the continuance is necessary for the government to prepare for grand jury practice.

4)     The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy indictment and trial because (1) the facts upon which the grand jury must base a determination are unusual and complex, so it is unreasonable to expect return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence pursuant to 18 U.S.C. § 3161(h)(7)(B)(iii); and (2) the failure to grant the requested continuance would unreasonably deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). The requested continuance allows for reasonable time necessary for the effective preparation by defense counsel

to review the evidence with the defendant, so that the defendant may make an informed decision as to whether he wishes to resolve or dispute the charges set forth in the complaint, and permits the parties the reasonable time necessary to evaluate the complex and unusual issues of law and fact in this case related to the receipt of child pornography using social media and encrypted messaging applications and the defendant's alleged participation in a nihilistic violent extremist group. For all these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iii), and (iv) is appropriate here.

5)      The parties stipulate and agree that the 60-day period from the date of the signing of the Order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iii), and (iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: April 16, 2026

By: _____
Alexander P. Wentworth-Ping
Assistant United States Attorney
Bar Roll No. 701897

Dated: April 16, 2026

_____
John B. Casey, Esq.
Attorney for AARON COREY
Bar Roll No. 508187

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.     1:26-mj-00025-DJS |
| | ) | |
| **v.** | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **AARON COREY, a.k.a. "Baggeth,"** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## **ORDER**

A.     The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order.

B.     The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because: (1) defense counsel needs additional time to review the discovery related to this case and made available by the United States and failure to grant a continuance in this case would deny the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv); and (2) the facts of the case are so unusual or complex, due to the nature of the prosecution and the existence of novel questions of law and fact related to the receipt child pornography using social media and encrypted messaging applications and the defendant's alleged participation in a nihilistic violent extremist group, that it is unreasonable to expect adequate

1

preparation for the return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iii).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including 60 days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this _____ day of April, 2026.


Hon. Daniel J. Stewart
U.S. Magistrate Judge

2