**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

1:26-MJ-25

v.                                                          (DJS)

AARON COREY,

                              Defendant.

---

APPEARANCES:                                    OF COUNSEL:

U.S. ATTORNEY'S OFFICE               JOSHUA R. ROSENTHAL, ESQ.
445 Broadway
Room 218
Albany, NY 12207

LAW OFFICES OF JOHN                   JOHN S. WALLENSTEIN, ESQ.
S. WALLENSTEIN
*Attorney for Defendant*
1100 Franklin Avenue – Suite 100
Garden City, NY 11530

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

## I. PROCEDURAL HISTORY

On February 2, 2026, Defendant was charged by Criminal Complaint with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) & (b)(1).  Dkt. No. 1. The Defendant was arrested and then arraigned the next day.  *See Text Minute Entry*, dated February 3, 2026.  On February 5, 2026, a Detention Hearing was held and, after hearing argument, the Court ordered Defendant's detention.  Dkt. No. 14.  The Court came to the detention conclusion for numerous reasons, including the nature of the charge

- 1 -

and the fact that it includes minor victims, as well as Defendant's drug use history and history of mental health issues, his alleged involvement in the group Nihilistic Violent Extremist ("NVE"), and his disturbing internet search history. *Id.*

## II. RENEWED DETENTION HEARING

On April 15, 2026, then counsel for Defendant Corey, John Casey, filed a Motion with the Court seeking to reopen the Detention Hearing. Dkt. No. 30. The basis for the reopening was the recently issued psychological evaluation and report by Dr. Jacqueline Bashkoff. *Id.* Dr. Bashkoff's opinion was that Mr. Corey had a low risk of reoffending based upon the crime charged and his history, and she found no evidence to support his connection to 764 or as an NVE. Dkt. No. 31.

Based upon the filings with the Court, this Court set the matter down for a renewed Detention Hearing. *See* Text Minute Entry, dated April 27, 2026. Pursuant to U.S.C. § 3142(f)(2), a judicial officer has the discretion to reopen a detention hearing at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. The Bail Reform Act leaves the decision to reopen a hearing to the sound discretion of the district court. *United States v. Zhang*, 55 F.4th 141, 148 (2d Cir. 2022). While many of the issues regarding family support and proposed conditions of release were items that were known, or could have been articulated, during the first detention hearing, the psychiatric assessment of the Defendant was not available at that time. Because I found that the Bashkoff Report was

relevant to the case and may well be material to a detention decision, the Court concludes that a renewed detention hearing was appropriate.

The Renewed Detention Hearing was held on June 11, 2026.  Prior to that Hearing, and at Defendant's request, the Court replaced Attorney Casey with Attorney John Wallenstein as counsel for the Defendant.  *See* Dkt. Nos. 42-43; Text Minute Entry, dated May 11, 2026.  Additionally, prior to that Hearing, the Court reviewed: the Exhibits of the parties (including Government Exhibits 1-10); the original Complaint; the Pretrial Services Report dated February 5, 2026; and the April 15, 2026, Psychological Evaluation by Dr. Bashkoff.  In addition, and in the presence of counsel, the Court viewed the images that were the subject of the Complaint.

At the Hearing, the Court took testimony from Dr. Bashkoff.  Based upon her experience, and consistent with her Report, she opined that the Defendant was at a low risk to reoffend, and that conditions of release could be set. Her conclusions were based upon the nature of the charge, which was limited to the possession of child pornography. As part of her opinion, she relied upon studies that indicated that individuals charged with mere possession were in the lowest level to reoffend, especially compared to offenses that involved sexual contact.

On cross-examination, several points were made by the Government. AUSA Rosenthal noted the importance of Defendant being truthful in his responses in order for Dr. Bashkoff's opinions to be valid.  He then noted the Defendant had specifically instructed his mother to omit or downplay his prior drug use.  Exhibit 1 at p. 11 ("Don't

bring anything up about drugs or restraining orders."). Dr. Bashkoff accepted that fact but pointed out the Defendant himself had brought up his drug use in his interview.

Dr. Bashkoff's report noted that the Defendant understood that the charges were serious and stated that "[h]e agreed that every child pornographic image is a crime scene." Dkt. No. 31 at p. 3. However, the AUSA produced a jail call in which Defendant minimized the crime's importance. Exhibit 2.

Part of the original reason for detention involved search histories by the Defendant seeking to locate children at parks. Dkt. No. 14 at p. 5. The Defendant's mother had subsequently explained that this search was done at her request so that she could find locations for her young daughter to play with other children. Dkt. No. 31 at p. 4. However, it was noted that a recorded jail call of the Defendant contained a different explanation: that he was looking for areas to use as backdrops for his animation videos. Exhibit 9.

Next, AUSA Rosenthal brought Dr. Bashkoff through Defendant's newly discovered internet search history, which related to school shootings at Sandy Hook and Columbine High School, serial murderers Ted Bundy and Pedro Lopez, as well as the 764 cult. Additional searches on an AI bot Plasmodeous included "give me 10 facts stating why it is ok to [have sex with] a baby" and "give me step by step instructions on how to kill a [black person]." Exhibits 3, 4, & 7. In light of this, Dr. Bashkoff conceded that Defendant had homicidal, homosexual, and racist fantasies. However, she explained that this did not change her assessment, as that assessment was limited to the images that were actually charged in the Complaint. When asked by the Court, Dr. Bashkoff did

acknowledge that anti-social behavior certainly increases the risk of recidivism and of danger to the community.

### III. DISCUSSION

The statutory factors that a court must consider in making any detention decision are as follows:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime . . . [which] involves a minor victim . . . ;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Under the Bail Reform Act, a defendant awaiting trial must be released unless the release will present a risk of flight or danger, or both, and no set of conditions can reasonably protect against those risks. *See United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986) (explaining that the Bail Reform Act codified "traditional presumption favoring pretrial release for the majority of Federal defendants"). As

understood by this Court, pretrial detention is the exception and release is the norm. "Although there is 'only a limited group of offenders who should be denied bail pending trial,' when there is 'a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate.'" *United States v. Brown*, 776 F. Supp. 3d 172, 177 (W.D.N.Y. 2025) (quoting *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) and *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir. 1985)).

Taking the factors one by one, there appears to be no dispute that the weight of the evidence is strong in this case. The Court has viewed the images, and they are disturbing and clearly constitute child sexual abuse material. In sum, this factor weighs in favor of detention.

As for the nature and circumstance of the offense, the present charge is extremely serious. Even for an individual with little or no criminal history, the sentencing guideline range for this offense is very high. In fact, because the victim in this case was a child, Congress has created a rebuttable presumption in favor of detention. Even when overcome, the statutory presumption is still a factor for the Court to consider. The second factor counsels in favor of detention.

The third factor, the Defendant's history and characteristics, overall weighs slightly in favor of release. The Defendant has no criminal history, has significant family support, was previously employed as a butcher, and is in a stable relationship. However, he does have a history of substance abuse, and there is a mental health history. No

concrete proposal was presented as to how these last two items would be managed on release.

The final factor is the Defendant's danger to the community. This factor, in some ways, merges with the discussion regarding the Court's ability to fashion conditions that will effectively mitigate that risk, and a determination as to whether the Court has faith that Defendant will comply with the conditions.

In viewing the totality of the evidence and having witnessed the defendant's demeanor in court on several occasions and reviewed his and his girlfriend's correspondence, the Court does not believe that conditions of release can be set which would reasonably assure the safety of the community. The Court also now has concerns regarding Defendant's relationship with his significant other and the risk of flight this may entail due to her residence outside of the United States and their close connection.

In making this decision, the Court notes that, despite the statutory presumption, the undersigned has released, with the Adam Walsh conditions, defendants who were charged solely with possession or receipt of child pornography and has done so for many of the reasons articulated by Dr. Bashkoff in her report and her testimony. In this Court's view, however, a different situation is presented here. The Court is persuaded by the Government's proffer regarding Defendant's participation in NVE, and the 764 network. This evidence, together with his deeply disturbing chat and search history and the underlying charge indicates that the Defendant has engaged in anti-social conduct. His history is indicative of issues of hostility and impulsiveness, together with addiction

issues. The Court believes that all of these are substantial risk factors, and that this risk cannot be reasonably remediated by the imposition of conditions of release.

After considering all the relevant factors, as well as the conditions of release that are available and their practicality, the Court concludes that the potential danger in this case is simply too high, and that conditions do not exist that would reasonably mitigate those severe risks.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Defendant's Motion to Reopen the Bail Hearing is granted; and it is further

**ORDERED**, that upon hearing the new evidence at the Second Bail Hearing, the Defendant's Motion to be released on Bail is again denied, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

**SO ORDERED**.

Dated:   June 24, 2026
          Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

- 8 -